IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| 3SIXTY DUTY FREE & MORE HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL HOLDING COMPANY, INC., LIBERTY MUTUAL HOLDING COMPANY MASSACHUSETTS HOLDINGS INC., LIBERTY MUTUAL GROUP, INC., and EMPLOYERS INSURANCE COMPANY OF WAUSAU,<br><br>Defendants. | CIVIL ACTION NO.: _____<br><br>NOTICE OF REMOVAL<br>28 U.S.C. § 1446(a) (Diversity)<br>Case No. 21-CVS-19931<br>Mecklenburg County |

## **DEFENDANTS' JOINT NOTICE OF REMOVAL**

Defendants, Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc.,[1] Liberty Mutual Group, Inc., and Employers Insurance Company of Wausau (collectively, "Defendants"), hereby give notice, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of their joint removal of the above-captioned matter to the United States District Court for the Western District of North Carolina, Charlotte Division. A copy of this Notice is being filed with the Clerk of the Superior Court of Mecklenburg County, North Carolina, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, Defendants state the following:

---

[1] "LMHC Massachusetts Holdings Inc." is the correct legal name of Defendant Liberty Mutual Holding Company Massachusetts Holdings Inc.

1

**PROCEDURAL HISTORY AND CASE BACKGROUND**

1. This Civil Action concerns whether the commercial property insurance policy Employers Insurance Company of Wausau ("Wausau") issued to Plaintiff, 3Sixty Duty Free & More Holdings, LLC ("3Sixty" or "Plaintiff") covers pandemic-related business income losses 3Sixty purportedly sustained following the issuance of certain governmental orders.

2. This Court has original jurisdiction over this Action under 28 U.S.C. § 1332(a)(1) and (a)(3), and Defendants may remove the Action to this Court pursuant to the provisions of 28 U.S.C. § 1441(b). It is a civil action between citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. On or about December 13, 2021, Plaintiff filed its Complaint against Defendants in the Superior Court of Mecklenburg County, North Carolina. The Complaint was assigned case no. 21-CVS-19931 (the "State Court Action"). *See* Exhibit A, Plaintiff's Complaint ( "Compl."). Plaintiff thereafter served the Complaint on the Defendants serially as follows: Liberty Mutual Holding Company, Inc., and LMHC Massachusetts Holdings, Inc. were served via certified mail on December 24, 2021. *See* Exhibit B, Proof of Service. Wausau was served via the North Carolina Department of Insurance on January 5, 2022. *See* Exhibit C, Correspondence from N.C. Department of Insurance. Liberty Mutual Group, Inc.'s undersigned counsel agreed to accept service on its behalf on January 13, 2022. *See* Exhibit D, Acceptance of Service. All Defendants in the State Court Action have now been served.

4. The Complaint alleges that Plaintiff operates duty free and specialty retail stores in airports located in Colorado, Florida, North Carolina, New Jersey, Pennsylvania, and Texas. *See* Compl. ¶ 9. Plaintiff alleges that beginning in March 2020, state and local authorities in these states issued various restrictions in response to the COVID-19 pandemic that had a

detrimental impact on the business operations of its stores. *Id.* It also alleges that it sustained covered business losses of "approximately $18,000,000." *Id.* ¶ 28.

5. According to the Complaint, Defendants issued to Plaintiff a commercial property insurance policy bearing the number YAC-L9L-469015-019, effective June 1, 2019 to June 1, 2020 (the "Policy"). *Id.* ¶¶ 17, 18. *See also* Exhibit E, Certified Copy of the Policy. On or about April 6, 2020, Plaintiff allegedly notified Wausau of the aforementioned losses and insurance claim. *Id.* ¶ 24. On April 23, 2020, Wausau allegedly denied Plaintiff's insurance claim. *Id.* ¶ 26.

6. Plaintiff contends its insurance claim was denied wrongfully, and thus, it asserts that the Defendants are liable under three causes of action: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, and (3) violations of N.C. Gen. Stat. § 75-1.1 *et seq.* (unfair or deceptive trade practices). *Id.* ¶¶ 139-171.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. §§ 1332 and 1446

7. Under 28 U.S.C. § 1332(a)(1), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." *Id.* Here, both criteria are met.

**A.  There is complete diversity of citizenship between Plaintiff and Defendants.**

8. Plaintiff alleges that it is a Delaware Limited Liability Company. *See* Compl. ¶ 1. Upon information and belief, Plaintiff's principal place of business is 555 N.E. 185TH Street, Suite 201, Miami, FL 33179. *See* Exhibit F, 2021 3Sixty Duty Free & More Holdings, LLC, Foreign Limited Liability Company Annual Report, filed with the Florida Secretary of State March 4, 2021, 9744306818CC.

9. However, for purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *See Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

10. Plaintiff's counsel has represented that Plaintiff has only two members: one is a resident of Florida, and the other is a resident of a foreign country, and neither is a citizen of either Massachusetts or Wisconsin *See* Exhibit G, Affidavit of M. D'Allelio, dated January 21, 2022, ¶ 4. Plaintiff's counsel has also represented that if Defendants' removal is based on diversity jurisdiction, Plaintiff will not seek to remand this action to state court. *See id.* ¶ 5.

11. Defendant Liberty Mutual Holding Company, Inc. is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

12. Defendant LMHC Massachusetts Holdings, Inc. is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

13. Defendant Liberty Mutual Group, Inc. is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

14. Defendant Employers Insurance Company of Wausau is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

15. Given that Defendants are citizens of Massachusetts and/or Wisconsin, and that, as confirmed by Plaintiff's counsel, neither of Plaintiff's two members are citizens of either

Massachusetts or Wisconsin, the parties are citizens of different states and complete diversity exists.

**B.     The Amount in Controversy Exceeds $75,000.00.**

16.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff alleges that its "covered losses under the Policy for which Defendants wrongfully withhold payment amount[s] to approximately $18,000,000." *See* Compl., ¶ 28. *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of [diversity of citizenship], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…."). Therefore, the amount in controversy in the State Court Action significantly exceeds the jurisdictional threshold of $75,000.00.

17.    Accordingly, the requirements of 28 U.S.C. §1332 are satisfied, as the amount in controversy exceeds $75,000.00.

**C.     The Notice of Removal is Timely**

18.    This Notice of Removal is timely under 28 U.S.C. § 1446. Each defendant has 30 days after service on that defendant of the initial pleading or summons to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). This Notice of Removal is filed within 30 days of service on the earliest served Defendants, who were served on December 24, 2021. *See supra, incl.* Exhibit B. As such, this Removal is timely under the 30 day deadline provided by 28 U.S.C. § 1446.

## LEGAL ARGUMENT

19.    As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Moreover,

5

this Notice of Removal is timely under 28 U.S.C. § 1446. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

20. Pursuant to 28 U.S.C. §1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally-filed State Court Action is pending. Defendants do not waive their right to contest venue, including pursuant to 28 U.S.C. §1404.

21. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff and shall be contemporaneously filed with the Clerk of the Superior Court of Mecklenburg County, North Carolina.

22. Copies of the Notice of Filing the Notice of Removal, and the Notice of Removal to Opposing Counsel, both of which shall be filed in the State Court Action, are attached hereto as Exhibits H and I, respectively.

23. This Notice of Removal is not a waiver of Defendants' affirmative defenses, including, but not limited to, the right to contest venue, nor should it be understood or construed as a waiver of any defense Defendants may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendants Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., and Employers Insurance Company of Wausau jointly and unanimously request that the above-captioned action be removed from the Superior Court of Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division.

Respectfully submitted this the 21st day of January, 2022.

>*/s/ T. Nicholas* Goanos
>T. Nicholas Goanos (NC 45656)
>BUTLER WEIHMULLER KATZ CRAIG
>11605 North Community House Road
>Suite 150
>Charlotte, North Carolina 28277
>Telephone:    (704) 940-9811
>Facsimile:    (704) 543-2324
>NGoanos@butler.legal
>
>
>- and -
>
>
>Melissa M. D'Alelio (*Pro Hac Vice forthcoming*)
>Sandra J. Badin (*Pro Hac Vice forthcoming*)
>ROBINS KAPLAN LLP
>800 Boylston Street, Suite 2500
>Boston, MA 02199
>Telephone:  (617) 267-2300
>Facsimile:   (617) 267-8288
>mdalelio@robinskaplan.com
>sbadin@robinskaplan.com
>
>
>*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons either via the CM/ECF system, or by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this 21st day of January, 2022.

F. William DeVore, IV
Brittany N. Conner
DEVORE, ACTON and STAFFORD, P.A.
438 Queens Road
Charlotte, NC 28207
wdevore@devact.com
bconner@devact.com

Robert Zarco
Robert Salkowski
Mary Nikezic
ZARCO EINHORN SALKOWSKI & BRITO, P.A.
One Biscayne Tower
2 S. Biscayne Blvd., 34th Floor
Miami, FL 33131
rzarco@zarcolaw.com
rsalkowski@zarcolaw.com
mnikezic@zarcolaw.com
eservice@zarcolaw.com

*Attorneys for Plaintiff*

            */s/ T. Nicholas* Goanos
            T. Nicholas Goanos