UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-25-MOC-DCK

| | | |
|---|---|---|
| **3SIXTY DUTY FREE & MORE HOLDINGS, LLC** | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| **LIBERTY MUTUAL HOLDING COMPANY, INC., et. al.** | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on Defendants' Joint Motion to Dismiss. (Doc. No. 15). Defendants move to dismiss all three of Plaintiff's claims: breach of contract, breach of the covenant of good faith and fair dealing, and violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. GEN. STAT. § 75-1.1. Plaintiff has responded, (Doc. No. 22), and Defendants have replied, (Doc. No. 25). The Court held a hearing on these motions on June 13, 2022.

For the following reasons, Defendants' Motion is **GRANTED,** and these claims will be **DISMISSED**.

**I.    Background**

This dispute stems from a disagreement between Plaintiff, an insurance policyholder, and Defendant insurance companies and underwriters, as to whether Plaintiff's insurance policy covers certain losses Plaintiff endured related to the COVID-19 pandemic. Plaintiff owns and operates duty-free stores in airports in multiple states, including one such store in North Carolina. Plaintiff's losses at issue accrued as a result of various government orders that were

promulgated to stop the spread of COVID-19, and which severely limited Plaintiff's ability to access and operate its duty-free stores. The pandemic also reduced the number of people who traveled in airports and potentially bought from Plaintiff's stores. Plaintiff seeks recovery from Defendants based on a property insurance policy issued by Defendants.[1] (Doc. No. 1-1 at 8). Plaintiff instituted this action in state court, bringing actions based on (1) breach of contract, (2) breach of the covenant of good faith and fair dealing; and (3) violation of the North Carolina Unfair and Deceptive Trade Practices Act. (Id. at 28–31). Defendants removed the action to this Court based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1).

## II. Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than

---

[1] Defendants argue that the Liberty Defendants (Liberty Mutual Holdings Company, Inc., LMHC Massachusetts Holdings Inc., and Liberty Mutual Group, Inc.) should be dismissed from the suit because they did not issue the policy. (Doc. No. 16 at 28–30). Because the Court finds that Plaintiff cannot maintain an action and all the causes of action should be dismissed, the Court declines to reach the issue of whether the Liberty Defendants are proper parties in this suit.

the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

**III.     Discussion**

### a. Plaintiff's Claim for Breach of Contract Will Be Dismissed Because Plaintiff Has Not Demonstrated It Has Suffered "Direct Physical Loss or Damage"

Plaintiff has not met its burden of demonstrating that the property insurance policy covers the kind of loss that it claims. Plaintiff's insurance policy has numerous different coverage provisions, all of which require that the insured have experienced either "physical loss or damage" or "direct physical loss or damage." The policy generally provides that the insurer will cover insured property "against all risks of direct physical loss or damage, except as hereinafter excluded or limited, while located as described in this policy." (Doc. No. 1-5 at 7, emphasis added). Plaintiff alleges coverage under various policy provisions, including the policy's Time Element, Civil or Military Authority, Contingent Time Element, Attraction Property, and Ingress/Egress provisions. (Doc. No. 1-1 at 20–21). Each of these provisions, however, requires that property of the insured or sufficiently related to the insured suffer "direct physical loss or damage." (See Doc. No. 1-5 at 45; 52–53; 55).

As a threshold matter, the Court finds that the interpretation of the insurance policy is governed by the law of New York. The policy itself says so explicitly. (Doc. No. 1-5 at 15) ("The validity and interpretation of this Policy shall be governed by and construed in accordance with the laws of the State of New York."). Further, as a federal court sitting in diversity jurisdiction, this Court must apply the choice-of-law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941) ("The conflict of laws rules to be applied by [a] federal court . . . must conform to those prevailing in [the] state courts."); see also Albemarle Corp. v. Astrazeneca UK Ltd., 628 F.3d 648, 653 (4th Cir. 2010) ("Thus, for an action filed in

South Carolina, South Carolina law would be consulted for its choice of law rules, and under those rules, South Carolina law would give effect to the parties' choice of law as specified in the contract."). The choice of law rules of North Carolina clearly allow parties to choose the law governing their contract. N.C. GEN. STAT. § 25-1-301(a) ("the parties may agree that the law either of this State or of the other state or nation will govern their rights and duties"). None of the exceptions laid out in the statute apply to the contract in this case. Thus, the law of the forum state dictates that the parties' choice of law provision be given full effect, and the Court finds that the contract is to be interpreted according to New York law.

New York law does not support the contention that the harms Plaintiff has suffered are included within the definition of "direct physical loss or damage." In fact, New York law says the opposite. See, e.g. Consol. Rest. Operations v. Westport Ins. Corp., No. 15410, 2022 WL 1040367, at *1 (N.Y. App. Div. Apr. 7, 2022) ("[W]e hold that where a policy specifically states that coverage is triggered only where there is 'direct physical loss or damage' to the insured property, the policy holder's inability to fully use its premises as intended because of COVID-19, without any actual, discernable, quantifiable change constituting 'physical' difference to the property from what it was before exposure to the virus, fails to state a cause of action for a covered loss."); Kim-Chee LLC v. Philadelphia Indem. Ins. Co., 2022 WL 258569, at *3 (2d Cir. Jan. 28, 2022) ("[U]nder New York law, the term 'direct physical loss' unambiguously 'do[es] not extend to mere loss of use of a premises, where there has been no physical damage to such premises.'") (quoting 10012 Holdings, Inc. v. Sentinel Ins. Co., 21 F.4th 216, 222 (2d Cir. 2021)).

Though Plaintiff cites numerous cases to support of its argument that the kind of loss it claims is covered as "direct physical loss or damage," those cases suffer from two defects: (1)

they are not binding on this Court's interpretation of the substance of the policy, which is governed by New York law; and (2) many are materially distinguishable from the facts at issue in this matter. (see Doc. No. 25 at 7–11).

Further, even if Plaintiff could demonstrate that it had sustained "direct physical loss or damage" as those terms are understood in binding interpretations of similar insurance policies, Defendants further argue that multiple policy exclusions apply to bar recovery. Defendants argue that coverage is excluded by the policy's contamination exclusion, loss of market or lose of use exclusion, interruption of business exclusion, and ordinance or law exclusion. (Doc. No. 16 at 22–25). The Court finds in the alternative that, even if Plaintiff were able to meet its burden of demonstrating coverage under one of the policy provisions, Defendants could also rely on one of these exclusions for its denial of coverage.

Thus, Plaintiff cannot maintain a breach of contract action on any of the policy provisions it cites because each provision requires a "direct physical loss or damage" and multiple of the policy's exclusions bar coverage. Because Plaintiff cannot demonstrate that it is owed coverage, Plaintiff's breach of contract claim will be dismissed.

### b. Plaintiff Has Failed to State a Claim for Breach of the Covenant of Good Faith and Fair Dealing and for Violation of the North Carolina Unfair and Deceptive Trade Practices Act

Because the Court is dismissing Plaintiff's action for breach of contract, it will likewise dismiss Plaintiff's claims for breach of the covenant of good faith and fair dealing as well as for violation of the North Carolina Unfair and Deceptive Trade Practices Act. Both claims stem from Defendants' alleged bad-faith refusal to cover Plaintiff's losses under their insurance policy. Because this Court has concluded that Plaintiff has failed to state a claim for breach of contract, it follows that Defendants' refusal to pay out the money Plaintiff demanded was not a breach of the covenant of good faith and fair dealing, nor was it an unfair or deceptive trade

practice. Defendants were simply asserting that they did not have an obligation to pay under the terms of the insurance policy—a position supported by the language in the insurance policy itself and the law governing the interpretation of that insurance policy.

## IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff cannot state a claim for recovery under its insurance policy. Accordingly, the Court will grant Defendants' Joint Motion to Dismiss.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Joint Motion to Dismiss (Doc. No. 15) is **GRANTED** and this action is **DISMISSED** with prejudice.

Signed: July 26, 2022

Max O. Cogburn Jr
United States District Judge